Argued and submitted December 6, 2001, affirmed February 13, 2002

# CITIZENS AGAINST IRRESPONSIBLE GROWTH,
Baker Rock Crushing Co.,
and Fisher Farms LLC,
*Petitioners,*

*v.*

## METRO,
*Respondent.*

2000-141; A116311

40 P3d 556

Lawrence R. Derr argued the cause and filed the brief for petitioners.

Kenneth D. Helm argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Brewer, Judge.

---

* Deits, C. J., *vice* Byers, S. J.

LANDAU, P. J.

## LANDAU, P. J.

Petitioners seek review of a final order of the Land Use Board of Appeals (LUBA) affirming the decision of the Metropolitan Service District (Metro) to adopt an ordinance approving a regional transportation plan. LUBA affirmed on the ground that petitioners' challenge presents no issues within its scope of review. We affirm.

The relevant facts are not in dispute. In 1997, Metro adopted a Regional Framework Plan (RFP), a planning document that addresses a number of issues, including regional transportation. Chapter 2 of the 1997 RFP is entitled "Transportation" and "presents the overall policy framework for specific transportation goals, objectives and actions" contained in a Regional Transportation Plan (RTP).

In 2000, Metro approved a new RTP and adopted an ordinance providing for the replacement of the existing transportation chapter of the RFP with the new 2000 RTP. Pursuant to ORS 197.251(1)[1] and ORS 197.274(1)(a),[2] Metro submitted the ordinance to the Land Conservation and Development Commission (LCDC) for acknowledgment that it complies with statewide land use planning goals.

Meanwhile, petitioners challenged the ordinance before LUBA, arguing that the new RTP was not consistent with the RFP and with various LCDC transportation planning rules. Metro responded that it made findings adequate to establish consistency with the RFP. As for consistency with transportation rules, Metro argued that that issue is subject to the exclusive jurisdiction of LCDC.

---

[1] ORS 197.251(1) provides, in part:

"Upon the request of a local government, the Land Conservation and Development Commission shall by order grant, deny or continue acknowledgment of compliance of comprehensive plan and land use regulations with the goals."

[2] ORS 197.274 provides, in part:

"The Metro regional framework plan and Metro planning goals and objectives are subject to review:

"(1) For compliance with the statewide planning goals in the same manner as a comprehensive plan for the purposes of:

"(a) Acknowledgment of compliance with the goals under ORS 197.251[.]"

LUBA concluded that all of petitioners' challenges are subject to the exclusive jurisdiction of LCDC. LUBA relied on ORS 197.825(2)(c), which provides that it lacks jurisdiction to review "matters over which * * * the Land Conservation and Development Commission has review authority under ORS 197.251." According to LUBA, because review of an RTP for compliance with statewide planning goals is a matter over which LCDC has review authority under ORS 197.251, it necessarily follows that LUBA lacks jurisdiction to review the same matter. Specifically, LUBA explained, petitioners' challenge that the ordinance violates LCDC's transportation rules is beyond its review authority, because those rules expressly implement Statewide Planning Goal 12. Likewise, LUBA continued, petitioners' challenge that the ordinance fails for want of consistency with the RFP is beyond its review authority, because consistency with an RFP is a requirement of Goal 2. Thus, LUBA concluded, both of petitioners' challenges are already before LCDC, which has exclusive jurisdiction to review them.

■ On review, petitioners concede that LCDC's transportation rules implement Goal 12, and, to that extent, LUBA may not consider their challenge. They nevertheless argue that LUBA erred in affirming the ordinance because it violates ORS 197.712(2)(e), which provides, in part:

> "A city or county shall develop and adopt a public facility plan for areas within an urban growth boundary containing a population greater than 2,500 persons. The public facility plan shall include rough cost estimates for public projects needed to provide sewer, water and transportation for the land uses contemplated in the comprehensive plan and land use regulations."

According to petitioners, that statute establishes standards for transportation facility planning independent of Goal 12 and its implementing rules. Compliance with that statute, they argue, is not within the exclusive jurisdiction of LCDC. Metro replies that petitioners failed to rely on that statute before LUBA, and, in any event, it imposes planning requirements only on "[a] city or county," of which Metro is neither.

We agree with Metro. Even assuming that petitioners alleged a violation of ORS 197.712(2)(e) before LUBA, the fact remains that the statute, by its terms, applies only to "[a] city or county." Petitioners do not explain—and we do not understand—how that statute reasonably may be read to apply to Metro, which is a regional planning authority and is neither a city nor a county.

■     Petitioners argue that, even if that particular challenge is not cognizable before LUBA, their challenge based on the requirement of consistency with the RFP is. Petitioners acknowledge that LCDC already is required to examine the ordinance for consistency with the RFP under statewide planning Goal 2. They contend that that is simply beside the point, because Metro's obligation to ensure consistency with the RFP *also* is rooted in ORS 268.380(2), which provides:

> "When a district is required by a district charter to adopt a regional framework plan, the regional framework plan shall include and be consistent with land use planning goals and objectives adopted by the district."

Thus, petitioners argue, LUBA and LCDC essentially have concurrent jurisdiction to review for compliance with the RFP. Metro argues that adopting petitioners' argument would defeat the purpose of exclusive LCDC acknowledgment review.

Again, we agree with Metro. ORS 197.825(2)(c) provides for exclusive LCDC review of certain "matters," including compliance with statewide planning goals. Consistency with the RFP, required by Goal 2, certainly is a "matter" that is subject to LCDC's exclusive review. Whether or not consistency with the RFP also is required by some other source of law, the fact remains that it is the same "matter" that, under ORS 197.825(2)(c), is subject to exclusive LCDC review. As Metro observes, any other conclusion would set up the possibility that LCDC and LUBA could reach different conclusions about the same matter, *i.e.*, consistency with the RFP. That result hardly advances the purpose of the exclusive review authority that is so clearly expressed in ORS 197.825(2)(c).

Affirmed.